# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ANTHONY BARNES,<br><br>    Plaintiff,<br><br>v.<br><br>SALVATORE GODINEZ, *et al.*,<br><br>    Defendants. | Case No. 1:14-cv-6543<br><br>Judge John Robert Blakey |

## MEMORANDUM OPINION AND ORDER

Anthony Barnes ("Plaintiff"), an inmate in the custody of the Illinois Department of Corrections, alleges that correctional personnel Antionette Hinton, Andrew Brantley, Emmanuel Ibarra, Gregory Stroud, and Jake Jorgensen (collectively, "Defendants") violated his Eighth Amendment rights by confining him in a cell with an inoperable toilet and no drinking water. Defendants recognize that Plaintiff's "claim regarding the operation of his toilet . . . raises a question of fact to be determined by a jury." [59] at 3. Nevertheless, Defendants have moved for partial summary judgment on the grounds that "Plaintiff's claim regarding his access to adequate fluids fails to establish a violation of his constitutional rights under the Eighth Amendment."[1] *Id.* As further explained below, Defendants' motion is denied.

---

[1] The Court notes that Defendants' attempt to separate these issues is inconsistent with the principle that Eighth Amendment claims implicate a review of "the totality of the conditions of [Plaintiff's] confinement to determine whether he has been deprived of basic human needs." *Muhammad v. Wilson*, No. 05-cv-743, 2006 WL 2413710, at *2 (N.D. Ill. Aug. 16, 2006); *see also Gray*

## I. Background[2]

On September 4, 2013, Plaintiff was transferred to the Northern Reception and Classification Center ("NRC"), where Defendants worked as correctional officers. [60] at 2. Shortly after entering his cell at NRC, Plaintiff realized that there was no running water in the sink and the toilet would not flush. [65] at 3. Plaintiff and his cellmate, Mr. Darius Bailey, both testified that they complained to Defendants regarding the conditions in their cell from September 4, 2013 through September 10, 2013 (the "Relevant Period"), when the plumbing was eventually fixed. [68] at 4, 8. Defendants alternatively testified that they do not recall Plaintiff, Mr. Bailey, or any complaints regarding the conditions of their cell. *Id.* at 5.

During the Relevant Period, Plaintiff left his cell on only four occasions: to go to the exercise yard (where he used the water fountain); to use a different restroom; to take a shower; and to attend a court hearing. [65] at 8. The amount of water consumed by Plaintiff during these excursions remains an unclear question of fact. The parties also dispute the amount of potable liquid given to Plaintiff at meal times during the Relevant Period. Defendants claim that Plaintiff received some milk and juice with breakfast, while Plaintiff and Mr. Bailey testified that they only

---

*v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) ("The warden's only response is to pick apart the individual components of Gray's claim and to suggest that each one, alone, is not intolerable. But Gray is entitled to have his complaint evaluated as a whole."). Because Plaintiff did not object to Defendants' approach and because this Court ultimately finds Defendants' arguments unavailing, the Court here confines its discussion to the lack of running water in Plaintiff's cell.

[2] The facts are taken from the parties' Local Rule 56.1 statements. [60] refers to Defendants' statement of facts. [65] contains both Plaintiff's responses to the Defendants' statement of facts and Plaintiff's statement of additional facts. [68] refers to Defendants' responses to Plaintiff's statement of additional facts.

received milk. *Id.* at 9. Defendants also assert that Plaintiff received a four-ounce serving of juice with his dinner, while Plaintiff insists that he occasionally did not receive a drink with dinner. *Id.* The parties agree that at some point during the Relevant Period Defendant Jorgenson also provided Plaintiff with one 20-ounce bottle of drinking water. *Id.* at 10.

## II. Legal Standard

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.,* 739 F.3d 1055, 1060 (7th Cir. 2014). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *See CTL ex rel. Trebatoski v. Ashland Sch. Dist.,* 743 F.3d 524, 528 (7th Cir. 2014).

## III. Analysis

While "inmates cannot expect the amenities, conveniences and services of a good hotel," they are entitled to constitutionally adequate conditions of confinement. *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988). To determine if Plaintiff's conditions were constitutional, the Court must look to "the evolving

3

standards of decency that mark the progress of a maturing society." *Id*. at 1236 (internal quotation omitted).

As a doctrinal matter, Eighth Amendment claims based upon a prisoner's conditions of confinement have an objective and a subjective component. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). To satisfy the objective prong, Plaintiff must establish that the conditions of his confinement were sufficiently serious to result "in a denial of the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective prong focuses on whether Defendants were aware of facts supporting an inference that a substantial risk of serious harm existed and actually drew that inference. *Farmer*, 511 U.S. at 834; *Olson v. Morgan*, 750 F.3d 708, 713 (7th Cir. 2014). Plaintiff must establish that Defendants "acted with the equivalent of criminal recklessness." *Grieveson v. Anderson,* 538 F.3d 763, 777 (7th Cir. 2008) (quoting *Borello v. Allison,* 446 F.3d 742, 747 (7th Cir. 2006)). That is, "a plaintiff must establish that the official knew of the risk (or a high probability of the risk) and did nothing." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

### A.  Objective Prong

There "is no constitutional right to running water in a prison cell." *Downs v. Carter*, No. 13-cv-3998, 2016 WL 1660491, at *8 (N.D. Ill. Apr. 27, 2016). Accordingly, "a lack of running water in an inmate's cell is not a constitutional violation where the inmate has access to drinking water in other prison areas."

4

*Williams v. Collins*, No. 14-cv-5275, 2015 WL 4572311, at *1 (N.D. Ill. July 29, 2015); *see also Mims v. Hardy*, No. 11-cv-6794, 2013 WL 2451149, at *9 (N.D. Ill. June 5, 2013) (a short-term breakdown of cell's plumbing does not amount to a constitutional violation if the inmate is "otherwise provided with food, beverages, access to showers, and access to toilets"). At the same time, however, "an inmate's lack of drinking water may state an objectively unconstitutional condition where the deprivation endures for an extended period." *Williams*, 2015 WL 4572311, at *4. As a general rule, "a week in a cell with broken plumbing is 'an inconvenience,' not a constitutional violation, if the inmate receives three meals a day, each of which is accompanied by beverages." *Downs*, 2016 WL 1660491, at *8 (quoting *Muhammad v. Wilson*, No. 05-cv-743, 2006 WL 2413710, at *2 (N.D. Ill. Aug. 16, 2006)).

Defendants argue that the "undisputed evidence demonstrates that the temporary breakdown of the water in Plaintiff's cell did not amount to an objectively cruel condition under the Eighth Amendment," such that summary judgment is appropriate. [59] at 7. This argument elides several disputed factual questions noted above, and misconstrues controlling precedent.

*Muhammad* and its progeny establish that depriving an inmate of running water in their cell for one week is acceptable only if "the inmate receives *three* meals a day, *each of which* is accompanied by beverages." *Downs*, 2016 WL 1660491, at *8 (citing *Muhammad*, 2006 WL 2413710, at *2) (emphasis added). Here, Defendants claim that NRC always provided Plaintiff with beverages at two (not three) meals a

5

day, namely, breakfast and dinner. *See supra* at *2. Plaintiff contends, however, that he only received milk with breakfast, supplemented by juice with dinner "more often than not." *Id.* On this disputed record, the Court "cannot find as a matter of law that the liquids that [Plaintiff] says he received (which the court must rely on at the summary judgment stage) satisfy the Eighth Amendment." *Downs*, 2016 WL 1660491, at *9.

### B. Subjective Prong

Defendants alternatively argue that they are entitled to summary judgment because "the record is devoid of any evidence of Defendants' subjective deliberate indifference to the condition of Plaintiff's cell." [59] at 7. This argument is inconsistent with the record currently before the Court. For one, Defendants themselves acknowledge that "Plaintiff claims to have alerted each of the Defendants to the lack of running water in his cell." *Id.* A reasonable juror could credit Plaintiff's testimony on this point, [60] Ex. B 14:1-21:21, and find that Defendants knew about, and failed to correct, the problems with Plaintiff's cell. Consequently, Defendants' argument on this point must fail.

Other evidence in the record similarly suggests that Defendants may have been aware of the conditions of Plaintiff's confinement. Mr. Bailey, Plaintiff's cellmate, testified that he informed "numerous" NRC personnel about the conditions in their cell shortly after his arrival on September 4, 2013. [65] Ex. G at 23. Moreover, the fact that Defendant Jorgensen felt compelled to give Plaintiff a bottle of water further suggests he was aware that Plaintiff's internal water supply was

6

unacceptable. Finally, the length of the Relevant Period (almost one week) supports a potential reasonable inference that Defendants were deliberately indifferent to Plaintiff's situation. *See Downs*, 2016 WL 1660491, at *11 ("Given the length of time that [Plaintiff] lived in a cell with a dysfunctional toilet/sink unit, and viewing the evidence in the light most favorable to [Plaintiff], a reasonable jury could conclude that these defendants were aware of [Plaintiff's] conditions of confinement and acted with deliberate indifference by allowing those conditions to persist for as long as they did.") (internal quotation omitted).

### C. Qualified Immunity

As a last alternative, Defendants argue that, even assuming Plaintiff's constitutional rights were violated, they are entitled to qualified immunity. Qualified immunity "protects government officials from liability for civil damages if their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Viilo v. Eyre,* 547 F.3d 707, 709 (7th Cir. 2008) (internal quotation omitted). The qualified immunity analysis accordingly implicates a two-part inquiry: (1) "whether the facts alleged show that the state actor violated a constitutional right"; and (2) "whether the right was clearly established." *Hanes v. Zurick,* 578 F.3d 491, 493 (7th Cir. 2009).

As discussed, questions of fact exist as to whether Defendants violated Plaintiff's Eighth Amendment rights in this case. *See supra* at *3-6. Therefore, the only question remaining is whether those rights were "clearly established." A constitutional right is "clearly established" if a "reasonable officer would have

7

believed that the conduct at issue was unconstitutional in light of the clearly established law and information possessed at the time." *Hicks v. Irvin*, No. 06-cv-645, 2012 WL 4092621, at *7 (N.D. Ill. Sept. 17, 2012) (internal quotation omitted). Ultimately, the "salient question is whether the state of the law" during the Relevant Period "gave Defendants fair warning that their alleged treatment of [Plaintiff] was unconstitutional." *Id.* (internal quotation omitted).

Controlling case law in this circuit definitively established, before the Relevant Period, that depriving an inmate of potable water can constitute cruel and unusual punishment. *See Atkins v. City of Chicago*, 631 F.3d 823, 830 (7th Cir. 2011) ("Depriving a person of food for four days would impose a constitutionally significant hardship . . . depriving him of all liquids for four days would be far worse.") (internal citations omitted); *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (reversing grant of summary judgment on qualified immunity grounds, as "clearly established" precedent "well before 2001" held that, among other cell conditions, a broken sink and exposure to human feces violated the Eighth Amendment); *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (reversing grant of summary judgment given unresolved questions of material fact regarding plaintiff's unfit drinking water, filthy cell, and broken plumbing); *Kimbrough v. O'Neil,* 523 F.2d 1057, 1059 (7th Cir. 1975) (conditions including lack of toilet, lack of water for drinking or washing, and lack of mattress, bedding, or blankets, "even for a period of three days, could constitute a violation of the Eighth Amendment"); *Hicks*, 2012 WL 4092621, at *7 ("Hicks was forced to live without a recommended

8

amount of water, within feet of a feces-filled toilet, and with bugs in his cell, for anywhere from one to six days. The case law is at odds with Defendants' argument that there was no pre-existing law making it apparent that the conditions described by Hicks at his deposition were unlawful."); *see also Tesch v. Cty. of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998) (denial of drinking water for "less than two full days," when plaintiff was also getting beverages with his meals, was *de minimis*, though "it is possible these impositions may rise to the level of a constitutional violation" if they lasted for substantially longer period).

Indeed, Defendant Hinton expressly acknowledged at her deposition that it is "inhumane" to confine inmates in a cell "with plumbing problems such as water not running in sinks and toilets not flushing." [65] Ex. L 34:3-7. In light of this acknowledgment, Defendants can hardly claim that they lacked "fair warning" regarding their legal obligation to provide Plaintiff with adequate amounts of potable water. *Hicks*, 2012 WL 4092621, at *7 ("Defendants *admitted* that the conditions [Plaintiff] complained of are all 'major' problems that require prompt attention. Drawing all reasonable inferences in Plaintiff's favor, the Court denies Defendants' request for qualified immunity.") (emphasis in original).

In short, while questions of fact regarding Defendants' alleged violation of Plaintiff's Eighth Amendment rights remain, there is no question that those rights were "clearly established" during the Relevant Period (as one Defendant implicitly acknowledged). As a result, Defendants are not entitled to qualified immunity.

9

## IV. Conclusion

For the foregoing reasons, Defendants' Motion for Partial Summary Judgment [58] is denied.

Dated: November 1, 2016

                                        Entered:

                                        John Robert Blakey
                                        United States District Judge